UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON KEITH JONES, | ) | CASE NO. 5:15 CV 1768 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WAYNE COUNTY MUNICIPAL | ) | AND ORDER |
| COURT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

 This is another *in forma pauperis* civil rights action filed in this Court by *pro se* plaintiff Jason Keith Jones.[1] In this action, the plaintiff seeks $1.8 million in damages from the Wayne County Municipal Court, Timothy R. Vansickle, Jerry Packard, Daniel R. Lutz, and Michael P. Cooper. The allegations in the plaintiff's complaint, which is captioned as a "Motion for Common Law Action Against Trespass of Rights and Property," are unintelligible, but he apparently purports to seek damages from the defendants based on their involvement in a criminal prosecution pending against him in the Wayne County Municipal Court. *See State of Ohio v. Jason Keith Jones*, Case

---

[1] In addition to multiple cases assigned to other judges, this case and the following cases filed by the plaintiff have been assigned to this Court's docket: *Jones v. Wayne County Sheriff's Department*, Case No. 5 CV 1767, and *Jones v. Medina Court of Common Pleas, et al.*, Case No. 1: 15 CV 1862.

No. 2015 CR 000817 (Wayne County Mun. Ct).[2]  Along with his complaint, the plaintiff has filed a motion for a temporary restraining order, seeking to restrain the state criminal case.  (Doc No. 3.)

This action is summarily dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B), which requires a federal district court to screen and dismiss before service any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

As in the complaint the plaintiff filed in *Jones v. Wayne County Sheriff's Department*, Case No. 15 CV 1767, the plaintiff's complaint in this case fails to allege any plausible federal claim on which relief may be granted against the defendants and is frivolous.  The instant complaint again consists entirely of an amalgam of totally incoherent and incomprehensible legal statements and assertions that are unconnected in any way to any alleged facts, or to any discernible alleged conduct of the named defendants.  Further, the complaint does not assert any valid federal civil claim, but only claims for "trespass" based on federal criminal laws.

Even had the plaintiff asserted a valid federal civil rights claim in his complaint, his action would be subject to dismissal under §1915(e)(2)(B).  The judges and prosecutors the plaintiff names as defendants are immune from damages claims in connection with their official functions.  *See, e.g., Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (regarding judicial immunity); *Imbler v. Pactman*, 424 U.S. 409, 431 (1976) (regarding prosecutorial immunity).  And this Court would abstain from interfering with a pending state criminal matter in accordance with the Supreme

---

[2]The Municipal Court's public docket indicates that the case is set for jury trial in December 2015, and that defendants Vansickle and Packard are the judge and magistrate judge, and defendants Lutz and Cooper are prosecutors in the case.

Court's decision in *Younger v. Harris*, 401 U.S. 37 (1972) (establishing that a federal court should not interfere with or enjoin a pending state criminal proceeding absent extraordinary circumstances).

## Conclusion

For all of the foregoing reasons, the plaintiff's motion to *proceed in forma pauperis* (Doc. No. 2) is granted; the plaintiff's motion for a temporary restraining order (Doc. No. 3) is denied; and this action is summarily dismissed in accordance with 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: November 24, 2015         */s/ John R. Adams*
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE